**George Alexander MILLS and Houdry Process Corp., Appellants,**

v.

**Robert C. WATSON, Commissioner of Patents, Appellee.**

**No. 12472.**

United States Court of Appeals District of Columbia Circuit.

Argued March 16, 1955.

Decided May 19, 1955.

Mr. Frank S. Busser, Philadelphia, Pa., with whom Messrs. B. Max Klevit, Philadelphia, Pa., and Martin T. Fisher, Washington, D. C., were on the brief, for appellants.

Mr. S. William Cochran, Atty., United States Patent Office, with whom Mr. E. L. Reynolds, Solicitor, United States Patent Office, was on the brief, for appellee.

Before BAZELON, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

This is a patent case under Rev.Stat. § 4915 (1875).[1] The District Court denied relief, and this appeal followed.

Plaintiffs-appellants say that their invention lies "in the *discovery* of a particular and unique kaolin clay," which proved unusually successful as a catalyst in the so-called "catalytic cracking process" for making gasoline. But it is clear that the clay in question—described as "Eureka halloysite"[2]—was already known and available for purchase in the market. What was discovered was that this clay had certain desirable properties not previously realized. The question is whether that discovery, under the circumstances here presented, amounted to invention.

The prior art knew that certain clays were good catalysts in the cracking process. Legg taught that halloysite from Indiana, having high bulk specific gravity, hardness and fine porosity, was suitable (Patent No. 2,305,220). Shabaker taught the use of measures to lower the iron content of kaolin clays, including halloysite, to improve their catalytic function (Patent No. 2,466,051). The Eureka halloysite which plaintiffs employ is low in iron content—so low, in fact, as not to require the reductive measures described by Shabaker.[3] It would be natural, therefore, for one skilled in the art to use—or at least test—Eureka halloysite, once it had been called to his attention (as it was here) by one knowing its general characteristics. Vanadium Corp. of America v. Marzall, 1952, 91 U.S.App.D.C. 3, 197 F.2d 187. The results achieved were

better than expected. But the Patent Office and the District Court were justified in concluding that this fact did not convert plaintiffs' choice of a particular clay—belonging to a known class—into a patentable invention.

Affirmed.

---

1. Rev.Stat. § 4915 (1875), as amended, 35 U.S.C. § 63 (1946), was repealed by the Act of July 19, 1952, c. 950, Section 5, 66 Stat. 815, and was replaced, to the extent here pertinent, by 66 Stat. 803, 35 U.S.C. § 145 (1952).

2. The application says that this clay is "found as a large deposit in the Tintic

mining district, Dragon mine, near Eureka, Utah * * *."

3. Its iron content is 0.3% $Fe_2O_3$. Shabaker says that "The preferred catalysts of superior properties are obtained when the iron content is lower than 0.4% $Fe_2O_3$ * * *." (No. 2,466,051, col. 4, line 38)